IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

                           **Plaintiff,**

      v.                                         CASE NO.17-3194-SAC

UNITED STATES OF AMERICA, et al.,

                           **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, a federal inmate incarcerated at the Reeves County Detention Center in Pecos, Texas, proceeds pro se in this matter seeking damages under the Federal Tort Claims Act (FTCA) and documents and information under the Freedom of Information Act (FOIA). Mr. Clervrain alleges he suffered injury as a result of the Federal Bureau of Prisons' (BOP) aggregation of his FOIA requests and denial of his fee waiver request. For the reasons discussed below, Plaintiff is ordered to show cause why a portion of his complaint should not be dismissed.

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which

1

relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

## BACKGROUND

Mr. Clervrain asserts that he is an activist who is directing his efforts at ending the "apartheid" of non-citizen prisoners in the federal prison system. In furtherance of his goal, he submitted several FOIA requests to BOP in August of 2015. By letter dated October 15, 2015, BOP informed Mr. Clervrain that his requests had been aggregated. It then appears that in March of 2016, Plaintiff appealed the decision to aggregate to the Office of Information Policy (OIP) at the Department of Justice (DOJ), as directed. OIP denied his appeal by letter dated May 13, 2016, and remanded his request for a fee waiver to the BOP regional offices. The letter

informed Mr. Clervrain that he could file suit if he wanted to appeal the aggregation further. It is not clear to the Court whether BOP subsequently responded to Plaintiff's request for a fee waiver. Apparently, Mr. Clervrain next filed a claim for injury with the BOP on September 9, 2016, alleging a breach of BOP's duty under FOIA. BOP referred the claim to its North Central Regional Office, which denied the claim on June 29, 2017, finding Mr. Clervrain had not suffered an injury. The denial informed Plaintiff he could file suit within six months. This action followed.

## DISCUSSION

### I. Venue

Under FOIA, venue is proper in the district where claimant resides, in the district where agency records are situated, or in the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Under the FTCA, claims may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The Court was initially confused as to why Plaintiff filed this action in the District of Kansas since he currently resides in Texas. It appears he did so because the BOP North Central Regional office is located in Kansas City, Kansas, and at least some of the records Plaintiff requested are located there. In addition, the denial of Plaintiff's FTCA claim came from the same office.

### II. FTCA Claim

Plaintiff fails to state a claim under the FTCA. The Federal Tort Claims Act (FTCA) allows plaintiffs to seek damages from the United States for certain torts committed by federal employees. *Simmons v. Himmelreich*, 136 S. Ct. 1843, 1845, 195 L. Ed. 2d 106 (2016). Mr. Clervrain bases his FTCA claim on BOP's alleged violation of a duty imposed by FOIA. Whether or not such a breach occurred, "[t]he breach of a duty created by federal law is not, by

3

itself, actionable under the FTCA." *Love v. U.S.*, 60 F.3d 642, 644 (9th Cir. 1995); *see also Clark v U.S.*, 326 F.3d 911, 914 (7th Cir. 2003); *Ochran v. U.S.*, 273 F.3d 1315, 1317 (11th Cir. 2001). To recover under the FTCA, Plaintiff must show the government's actions, if committed by a private party, would constitute a tort in Kansas. 28 U.S.C. § 2674. Plaintiff cannot show that the government's actions in aggregating his FOIA requests and denying him a fee waiver would constitute a tort in Kansas if taken by a private party. As a result, Plaintiff fails to state a claim upon which relief may be granted under the FTCA, and his FTCA claim is subject to dismissal.

### III. FOIA Claims

#### a. Aggregation

Plaintiff alleges that BOP's aggregation of his separate requests for information under FOIA was unreasonable and pretextual. DOJ regulations state:

> When a component reasonably believes that a requester ... is attempting to divide a single request into a series of requests for the purpose of avoiding fees, the component may aggregate those requests and charge accordingly. Components may presume that multiple requests of this type made within a 30-day period have been made in order to avoid fees. For requests separated by a longer period, components will aggregate them only where there is a reasonable basis for determining that aggregation is warranted in view of all the circumstances involved. Multiple requests involving unrelated matters shall not be aggregated.

28 C.F.R. § 16.10(h).

Thus, the reasonableness of the BOP's decision to aggregate Plaintiff's separate requests is reviewable. Before seeking judicial review in federal court, however, a party must "exhaust all administrative remedies" available under FOIA. *Taylor v. Appleton,* 30 F.3d 1365, 1367–68 (11th Cir. 1994) (citations omitted), *cited with approval in Roberts v. Paulson,* 263 F. App'x 745, 747–48 (10th Cir. 2008); *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 61 (D.C. Cir. 1990). Exhausting administrative remedies allows "the agency [the] opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision ...

[and] the top managers of an agency to correct mistakes made at lower levels." *Oglesby,* 920 F.2d at 61. "[J]udicial review of [unexhausted] claims is precluded[.]" *Id.* at 67.

It appears based on the OIP's May 13, 2016, letter that Mr. Clervrain exhausted his administrative remedies on the aggregation issue. *See* Doc. #1-1, pp. 35-36. That letter denied his appeal and informed him that he could file suit pursuant to 5 U.S.C. § 552(a)(4)(B) if he wanted to appeal the aggregation further. As a result, Plaintiff's FOIA aggregation claim may proceed.

### b. Fee Waiver

A person requesting information under FOIA may also request a waiver of the fee associated with that request. To obtain a fee waiver, "a requester must demonstrate that 'disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.'" *Stewart v. U.S. Dep't of Interior*, 554 F.3d 1236, 1241–42 (10th Cir. 2009)(*quoting* 5 U.S.C. § 552(a)(4)(A)(iii)); *accord* 28 C.F.R. § 16.10(k)(1) (Department of Justice (DOJ) regulations). A requester of a FOIA fee waiver has the burden of demonstrating that the statutory conditions are met. *Forest Guardians v. U.S. Dep't of the Interior*, 416 F.3d 1173, 1177 (10th Cir. 2005).

DOJ regulations include the following factors the agency must consider in deciding whether the standard for waiving fees is met:

> (i) Disclosure of the requested information would shed light on the operations or activities of the government. The subject of the request must concern identifiable operations or activities of the Federal Government with a connection that is direct and clear, not remote or attenuated.
>
> (ii) Disclosure of the requested information would be likely to contribute significantly to public understanding of those operations or activities. This factor is satisfied when the following criteria are met:

>   (A)   Disclosure of the requested records must be meaningfully informative about government operations or activities. The disclosure of information that already is in the public domain, in either the same or a substantially identical form, would not be meaningfully informative if nothing new would be added to the public's understanding.
>
>   (B)   The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester. A requester's expertise in the subject area as well as the requester's ability and intention to effectively convey information to the public must be considered. Components will presume that a representative of the news media will satisfy this consideration.
>
> (iii) The disclosure must not be primarily in the commercial interest of the requester.

28 C.F.R. § 16.10(k)(2).

Plaintiff's fee waiver request was made in a letter dated September 18, 2015 (Doc. #1-1, p. 41). He first states that he accepts the fees, but his financial condition as an incarcerated person does not allow him to pay. Mr. Clervrain goes on to request a fee waiver. He states that "disclosure of the information sought is in the public interest, as it is likely to contribute significantly to public understanding of the operation or activities of the Bureau . . . and disclosure is not in my commercial interest." *Id.* Mr. Clervrain distinguishes his request from those made by prisoners who seek records related to their criminal cases that would serve primarily their own interests. *Id.*

"[F]ee waiver requests must be made with reasonable specificity ... and based on more than conclusory allegations." *Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1312 (D.C. Cir. 2003) (internal quotation marks and citations omitted). Indigence alone is not sufficient to justify a fee waiver. *See Ely v. United States Postal Service,* 753 F.2d 163, 165 (D.C. Cir. 1985) ("Prior decisions clearly tie fee waivers to public benefit."). A requestor must do more than

recite the regulatory factors; he must specify the public interest, identify the governmental activity or operation on which he intends to shed any light, and explain how disclosure of the requested information would contribute to the public's understanding of such activity or operation. *See Smith v. Fed. Bureau of Prisons*, 517 F. Supp. 2d 451, 454–55 (D.D.C. 2007). Further, a requestor must state his ability and intention to effectively disseminate the information to the public. *Id.*, *quoting Larson v. CIA,* 843 F.2d 1481, 1483 (D.C. Cir. 1988) (plaintiff's failure to do so was "alone [ ] a sufficient basis for denying the fee waiver request."); 28 C.F.R. § 16.10(k)(2)(ii)(B).

Mr. Clervrain's fee waiver request is based on conclusory allegations. In addition, the Court is unable to discern from the complaint and attached exhibits whether BOP has actually denied Plaintiff's waiver request and whether Plaintiff has exhausted his administrative remedies on the fee waiver issue. Failure to exhaust acts as a bar to judicial review. *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 104 (D.D.C. 2012), *citing Hidalgo v. FBI,* 344 F.3d 1256, 1258–59 (D.C. Cir. 2003).

For these reasons, Plaintiff is ordered to show cause why his claim challenging BOP's denial of a FOIA fee waiver should not be dismissed.

### IV.   Motion to Appoint Counsel (Doc. #3)

The Court has considered Plaintiff's Motion for Appointment of Counsel (Doc. #3). There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel.

*Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), *citing Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*citing Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes that the factual and legal issues of Plaintiff's claims do not appear to be complex. Moreover, the Court has not yet determined which of Plaintiff's claims may proceed. Therefore, Plaintiff's motion is denied.

### V.     Motion to Appoint Marshal to Effectuate Service (Doc. #4)

Plaintiff's motion asking the Court to appoint the U.S. Marshals to effectuate service is premature. The Court has not yet completed the screening of Plaintiff's action under 28 U.S.C. § 1915A. Therefore, Plaintiff's motion is denied.

### VI.    Response Required

For the reasons stated herein, it appears that Plaintiff's FTCA claim and FOIA fee waiver claim are subject to dismissal under 28 U.S.C. §§ 1915A(b). Plaintiff is therefore required to show good cause why these claims should not be dismissed. The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in these claims being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **January 8, 2018**, in which to show good cause, in writing, why Plaintiff's FTCA claim and FOIA fee waiver claim should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. #3) is denied, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint marshal to effectuate service (Doc. #4) is denied, without prejudice.

**IT IS SO ORDERED.**

DATED: This 8th day of December, 2017, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**