IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

                **Plaintiff,**

      v.                                    CASE NO. 17-3194-SAC

UNITED STATES OF AMERICA, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

    This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. #8). Plaintiff asks the Court to reconsider its Order granting Plaintiff leave to proceed in forma pauperis and assessing an initial partial filing fee of $10.50 pursuant to 28 U.S.C. § 1915. Plaintiff asks that he be granted leave to proceed without payment of the initial partial filing fee and attaches financial information showing his current balance is negative. Plaintiff also appears to be disputing the constitutionality of requiring him to pay any filing fee.

    After reviewing Plaintiff's motion and attachment, the Court finds Plaintiff may proceed without the prepayment of an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). *See Rutherford v. Medical Dept. of Dept. of Corrections*, 76 F. App'x 893, 897 (10th Cir. 2003)(where prisoner's account had no positive balance, prisoner could proceed without prepayment of installment fee). However, Plaintiff remains obligated to pay the full filing fee of $350.00, as provided by 28 U.S.C. § 1915(b)(2). He is required to make monthly payments of

1

20% of the preceding month's income credited to his prison account when the account exceeds $10.00 until the full filing fee is paid.

To the extent Plaintiff is challenging the constitutionality of 28 U.S.C. § 1915, the statute has been upheld by the Tenth Circuit, as well as numerous other circuit courts. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997); *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997); *Murray v. Dosal*, 150 F.3d 814, 819 (8th Cir. 1998); *Nicholas v. Tucker*, 114 F.3d 17, 21 (2nd Cir. 1997); *Roller v. Gunn*, 107 F.3d 227, 231-34 (4th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1283-88 (6th Cir. 1997); *Mitchell v. Farcass*, 112 F.3d 1483, 1487-89 (11th Cir. 1997); *Tucker v. Branker*, 142 F.3d 1294, 1301 (D.C. Cir. 1998). As the court reasoned in *Roller*,

> [r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system.

*Roller*, 107 F.3d at 233; *Shabazz*, 127 F.3d at 1248-49.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #8) is granted to the extent he may proceed without the prepayment of the $10.50 initial partial filing fee assessed by the Court in its Order of November 30, 2017. Plaintiff remains obligated to pay the full filing fee, as provided by 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

DATED: This 15th day of December, 2017, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**
