IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

                **Plaintiff,**

v.                                          CASE NO.17-3194-SAC

UNITED STATES OF AMERICA, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's response (Doc. 10) to the order requiring him to show cause why a portion of his complaint should not be dismissed (Doc. 7). Mr. Clervrain has also filed two motions: (1) a Motion for Reconsideration (Doc. 11) of the Court's order allowing him to proceed without payment of an initial filing fee and requiring him to pay the full filing fee over time (Doc. 9); and (2) a Motion for Intervention (Doc. 12) asking the Court to order the Federal Bureau of Prisons (BOP) to allow him access to a computer and law library.

    **I.**    **FTCA Claim**

The Court found in its order to show cause that Plaintiff failed to state a claim under the Federal Tort Claims Act (FTCA) because the alleged breach of a duty under the Freedom of Information Act (FOIA) is not actionable under the FTCA, and the BOP's alleged actions would not constitute a tort under Kansas law if committed by a private party. *See Love v. U.S.*, 60 F.3d 642, 644 (9th Cir. 1995); *see also Clark v U.S.*, 326 F.3d 911, 914 (7th Cir. 2003); *Ochran v. U.S.*, 273 F.3d 1315, 1317 (11th Cir. 2001); 28 U.S.C. § 2674. Mr. Clervrain has failed to show cause

why his FTCA claim should not be dismissed. As a result, the Court finds Plaintiff has not stated a claim upon which relief may be granted under the FTCA, and his FTCA claim is dismissed.

## II. FOIA Claims

### a. Aggregation

The Court finds Plaintiff's FOIA aggregation claim survives screening and requires a response.

### b. Fee Waiver

In the order to show cause, the Court questioned whether Mr. Clervrain's fee waiver request was "made with reasonable specificity ... and based on more than conclusory allegations." *See Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1312 (D.C. Cir. 2003). The Court further questioned whether the complete history of the request was before it, seeing no evidence of a final denial of the request or of Plaintiff's exhaustion of administrative remedies as to the fee waiver request. Plaintiff apparently does not have any additional documentary evidence. Given the uncertainty of the status of Mr. Clervrain's waiver request, the Court allows Plaintiff's FOIA fee waiver claim to go forward for the time being.

## III. Motion for Reconsideration (Doc. 11)

This is Plaintiff's second motion asking the Court to reconsider its order granting him in forma pauperis status and requiring him to pay the full filing fee over time. The Court denied his previous motion and denies this motion for the same reasons.

## IV. Motion for Intervention (Doc. 12)

In his "motion for intervention," Mr. Clervrain complains that he does not have access to a computer for typing his legal filings and that the BOP has not provided him with sufficient access to a law library. The Court infers he is claiming the BOP has interfered with his access to the

courts in violation of the First Amendment. However, the Court does not find this claim to be credible, given that Mr. Clervrain has filed three (3) lawsuits in this district in the last six months, and has filed at least ten (10) lawsuits in other districts since he has been incarcerated. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall effectuate service of summons pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, at no cost to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's claim under the Federal Tort Claims Act is dismissed for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion for intervention (Doc. 12) is denied. Copies of this order shall be transmitted to Plaintiff and to the United States Attorney.

**IT IS SO ORDERED.**

DATED: This 28th day of March, 2018, at Topeka, Kansas.

                                      **s/ Sam A. Crow**
                                      **SAM A. CROW**
                                      **U.S. Senior District Judge**