IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

       **Plaintiff,**

  v.             CASE NO. 17-3194-SAC

UNITED STATES OF AMERICA, et al.,

       **Defendants.**

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is an action under the Freedom of Information Act (FOIA). Plaintiff is a federal prisoner who proceeds pro se and in forma pauperis. Defendants have filed a motion to dismiss, or, in the alternative, for summary judgment (ECF Doc. 29). Plaintiff has filed several pleadings that include responses to Defendants' motion, including ECF Doc. 33, which is titled "motion to consolidate cases for discovery and trial under Rule 42" and which states it is also a response to Defendants' motion. In addition, Plaintiff has numerous pending motions.

**Background**

Mr. Clervrain asserts that he is an activist who is directing his efforts at ending the "apartheid" of non-citizen prisoners and/or overcrowding in the federal prison system. Apparently in furtherance of his goal, he submitted three (3) FOIA requests to the Bureau of Prisons (BOP) in August of 2015. The three requests had the same date, and each sought the following information from a different set of penal institutions (a total of 57 institutions): (1) contact information for each institution; (2) the admission and orientation handbook for each institution; (3) the current financial

1

statement for commissary purchases and funds distribution; (4) the current financial statement for the inmate telephone system and funds distribution; (5) copies of items sold in the commissary and the wholesale prices for each item; (6) documents identifying inmates incarcerated at each institution by race and each institution's classification level; and (7) information regarding each warden including their experience, salary, and bonuses.

By letter dated October 15, 2015, BOP informed Mr. Clervrain that his requests had been aggregated, and he must make advance payment of the anticipated fee amount ($308.50) prior to the processing of his request. Mr. Clervrain requested a fee waiver as to two of his FOIA requests in October 2015, and again requested a fee waiver in his appeal of the aggregation decision, which he submitted to the Office of Information Policy (OIP) at the Department of Justice (DOJ) in November of 2015. OIP denied his appeal by letter dated May 13, 2016, and remanded his request for a fee waiver to the BOP regional offices. The letter informed Mr. Clervrain that he could file suit if he wanted to appeal the aggregation further. BOP responded to Plaintiff's request for a fee waiver on April 4, 2017, denying his request. This action followed.

Defendants seek dismissal of this action on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies as to his fee waiver request; (2) even if he had properly exhausted, his fee waiver request was properly denied by BOP; and (3) BOP properly aggregated Plaintiff's FOIA requests.

## Discussion

**Standard for Summary Judgment**

Defendants seek dismissal of this action, or, in the alternative, summary judgment. Generally, a motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is decided upon the sufficiency of the complaint. However,

because Defendants have submitted additional materials, and the Court has examined them, the pending motion will be construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

On summary judgment, the moving party bears the initial burden to point out the portions of the record which show that the movant is entitled to judgment as a matter of law. *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992), *cert. denied*, 506 U.S. 1013 (1992). Where this burden is met, the opposing party must come forth with specific facts from which a rational fact-finder could find in that party's favor. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

**Aggregation**

28 C.F.R. § 16.10(d) provides that fees may be charged for any search or release of records when the release exceeds 100 pages, when the search for records exceeds 2 hours, and where the total fees exceed $25.00. The fee for copies is 5 cents per page for every page over 100.

When an agency "reasonably believes that a requester . . . is attempting to divide a single request into a series of requests for the purpose of avoiding fees," the agency can aggregate those requests and charge as if they were a single request. 28 C.F.R. § 16.10(h). The regulation states an agency "may presume that multiple requests of this type made within a 30-day period have been made in order to avoid fees." *Id.* However, "[m]ultiple requests involving unrelated matters shall not be aggregated." *Id.*

Plaintiff alleges that BOP's aggregation of his three requests for information under FOIA was unreasonable and pretextual. The Court disagrees. 28 C.F.R. § 16.10(h) provides that BOP is entitled to presume that multiple requests of the same type made within a 30-day period were made in order to avoid fees. Plaintiff filed three separate requests on the same date. The three requests sought the same information. The only difference between the requests was to which institutions the information pertained. Plaintiff stated in his appeal to OIP of the aggregation that the reason he filed separate requests was that he "needed each file by their own region" so it would be "more clear for [him] when filing court paperwork." ECF Doc. 29-1 at 65. Whether or not Plaintiff's primary purpose was to avoid fees, the effect would have been a fee reduction, and aggregation was reasonable. Defendants are entitled to summary judgment on Plaintiff's aggregation claim.

**Fee Waiver**

To obtain a waiver of the fees associated with a FOIA request, "a requester must demonstrate that 'disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.'" *Stewart v. U.S. Dep't of Interior*, 554 F.3d 1236, 1241–42 (10th Cir. 2009) (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii)); *accord* 28 C.F.R. § 16.10(k)(1). A requester of a FOIA fee waiver has the burden of demonstrating that the statutory conditions are met. *Forest Guardians v. U.S. Dep't of the Interior*, 416 F.3d 1173, 1177 (10th Cir. 2005).

DOJ regulations include the following factors the agency must consider in deciding whether the standard for waiving fees is met:

> (i) Disclosure of the requested information would shed light on the operations or activities of the government. The subject of the request must concern identifiable

operations or activities of the Federal Government with a connection that is direct and clear, not remote or attenuated.

(ii) Disclosure of the requested information would be likely to contribute significantly to public understanding of those operations or activities. This factor is satisfied when the following criteria are met:

(A) Disclosure of the requested records must be meaningfully informative about government operations or activities. The disclosure of information that already is in the public domain, in either the same or a substantially identical form, would not be meaningfully informative if nothing new would be added to the public's understanding.

(B) The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester. A requester's expertise in the subject area as well as the requester's ability and intention to effectively convey information to the public must be considered. Components will presume that a representative of the news media will satisfy this consideration.

(iii) The disclosure must not be primarily in the commercial interest of the requester.

28 C.F.R. § 16.10(k)(2).

Plaintiff's fee waiver request was made in a letter dated September 18, 2015 (ECF Doc. 1-1 at 41). He first states that he accepts the fees, but his financial condition as an incarcerated person does not allow him to pay. Mr. Clervrain goes on to request a fee waiver. He states that "disclosure of the information sought is in the public interest, as it is likely to contribute significantly to public understanding of the operation or activities of the Bureau . . . and disclosure is not in my commercial interest." *Id.* Mr. Clervrain distinguishes his request from those made by prisoners who seek records related to their criminal cases that would serve primarily their own interests. *Id.*

"[F]ee waiver requests must be made with reasonable specificity ... and based on more than conclusory allegations." *Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1312 (D.C. Cir. 2003)

5

(internal quotation marks and citations omitted). Indigence alone is not sufficient to justify a fee waiver. *See Ely v. United States Postal Service,* 753 F.2d 163, 165 (D.C. Cir. 1985) ("Prior decisions clearly tie fee waivers to public benefit."). A requestor must do more than recite the regulatory factors; he must specify the public interest, identify the governmental activity or operation on which he intends to shed any light, and explain how disclosure of the requested information would contribute to the public's understanding of such activity or operation. *See Smith v. Fed. Bureau of Prisons*, 517 F. Supp. 2d 451, 454–55 (D.D.C. 2007). Further, a requestor must state his ability and intention to effectively disseminate the information to the public. *Id.*, *quoting Larson v. CIA,* 843 F.2d 1481, 1483 (D.C. Cir. 1988) (plaintiff's failure to do so was "alone [ ] a sufficient basis for denying the fee waiver request."); 28 C.F.R. § 16.10(k)(2)(ii)(B).

Mr. Clervrain's fee waiver request simply recited the factors provided by 28 C.F.R. § 16.10(k)(2). He specifies no public interest, he does not identify with any clarity the governmental activity on which he wants to shed light, he does not explain how the requested information would help the public better understand that vague activity, and he gives no indication he could effectively disseminate the information to the public. The Court finds Defendants were justified in denying Plaintiff's fee waiver request.

However, Plaintiff failed to exhaust his administrative remedies on the denial of his fee waiver request, meaning review by this Court is premature. *See Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 61, 67 (D.C. Cir. 1990); *Taylor v. Appleton,* 30 F.3d 1365, 1367–68 (11th Cir. 1994) (citations omitted), *cited with approval in Roberts v. Paulson,* 263 F. App'x 745, 747–48 (10th Cir. 2008). A FOIA requester "may not seek judicial review of an agency's denial of a fee-waiver request until he administratively appeals the denial or pays the assessed fee." *Bartko v. United States Dep't of Justice*, 102 F. Supp. 3d 342, 348 (D.D.C. 2015). The requestor must demonstrate

that he complied with the agency's filing procedures and internal appeals process. *Hidalgo v. FBI*, 344 F.3d 1254, 1259 (D.C. Cir. 2003). DOJ's internal appeals process begins with an appeal to OIP. 28 C.F.R. § 16.8. Mr. Clervrain never appealed BOP's denial of a fee waiver to OIP. Because Plaintiff did not exhaust this claim at the administrative level, it will be dismissed without prejudice.

**Other Pending Motions**

Plaintiff has the following motions pending: motion for reconsideration (ECF Doc. 19); motion for order (ECF Doc. 25); motion to suppress evidence (ECF Doc. 32); motion to consolidate cases (ECF Doc. 33); motion for reconsideration (ECF Doc. 34); motion for extension of time (ECF Doc. 37); motion for judicial panel for multidistrict litigation (ECF Doc. 38); motion for remarkable contradictions (ECF Doc. 39); motion for opposition and stipulations (ECF Doc. 41); motion for discovery and opposition (ECF Doc. 42); motion for notice and circumstances (ECF Doc. 43); motion for emergency and circumstances (ECF Doc. 44); motion for evidence and lack of integrity (ECF Doc. 45); motion for orders (ECF Doc. 50); and motion for orders (ECF Doc. 53). Because the Court finds this action is subject to dismissal, all pending motions are denied as moot.[1]

**Conclusion**

For the reasons set forth above, Plaintiff's claim challenging Defendants' aggregation of his FOIA requests is dismissed with prejudice, and his claim challenging the denial of a fee waiver is dismissed without prejudice for failure to exhaust.

---

[1] Some of Plaintiff's filings attempt to raise claims involving access to the law library, misconduct of corrections officials, a conspiracy against him, a conspiracy to abuse immigrants in the federal prison system, fraud, forced labor, retaliation, deprivation of property, and/or a broad "criminal enterprise." His allegations are vague and fail to state an actionable claim. Furthermore, such claims are not properly joined to this FOIA lawsuit against the United States and the Bureau of Prisons. To the extent Plaintiff is requesting leave to file an amended complaint, leave is denied.

**IT IS THEREFORE ORDERED** Defendants' motion to dismiss, or, in the alternative, for summary judgment (ECF Doc. 28), is **granted**. This matter is dismissed.

**IT IS FURTHER ORDERED** all of Plaintiff's pending motions (ECF Docs. 19, 25, 32, 33, 34, 37, 38, 39, 41, 42, 43, 44, 45, 50, and 53) are **denied** as moot.

**IT IS SO ORDERED.**

DATED: This 19th day of September, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**