# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


**MANETIRONY CLERVRAIN,**

**Plaintiff,**

v.                                              **CASE NO. 17-3194-SAC**

**UNITED STATES OF AMERICA, et al.,**

**Defendants.**


## MEMORANDUM AND ORDER


This matter was dismissed by the Court on September 19, 2018.  Since that date, Plaintiff

has filed thirty-five (35) motions and a Notice of Appeal.  Defendant United States filed a response

to sixteen (16) of those motions and a Motion for Filing Restrictions on November 14, 2018.  *See*

ECF No. 87.  The additional nineteen (19) motions were filed after Defendant's response.

Plaintiff's Complaint challenged the BOP's decision to aggregate three FOIA requests and

to deny his request for a fee waiver.  He also initially included a Federal Tort Claims Act (FTCA)

claim that was dismissed by the Court upon screening, after giving Plaintiff an opportunity to show

cause why it should not be dismissed.  Defendant filed a motion to dismiss or for summary

judgment, which the Court granted on September 19, 2018.  The Complaint was dismissed because

Plaintiff failed to exhaust his administrative remedies on his fee waiver request, because the fee

waiver denial was otherwise proper, and because the BOP's aggregation of the three requests was

justified.

Each of Plaintiff's thirty-five (35) motions is listed and addressed below. The motions cover a range of topics, are difficult to decipher, and are largely repetitive. Several could be construed as motions for relief from judgment. However, Mr. Clervrain's filing in this closed case of motions attempting to add claims or defendants, motions asking to consolidate all of his many cases, motions for discovery, motions attempting to force other federal agencies to "intervene", motions asking to be transferred to a different prison or to home confinement, motions for computer access, and demands for a jury trial are ineffectual. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate.

A recurring theme in Plaintiff's filings with this Court, in this case as well as in his other cases, is that he believes he should not have to explain his claims or even file a proper Complaint before conducting discovery. He repeatedly argues he needs to conduct discovery first, apparently so he can bolster his vague, unsupported allegations. The Court is not, however, "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *S.E.C. v. Goldstone*, 301 F.R.D. 593, 643 (D.N.M. 2014) (quoting *McGee v. Hayes,* 43 F. App'x 214, 217 (10th Cir. 2002)). "'Discovery ... is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.'" *Rivera v. DJO, LLC,* No. CIV 11-1119, 2012 WL 3860744, at *8 (D.N.M. 2012) (quoting *Tottenham v. Trans World Gaming Corp.,* No. 00 Civ. 7697, 2002 WL 1967023, at *2 (S.D.N.Y. 2002)).

Another recurring theme in Plaintiff's motions is that he repeatedly tries to add unrelated, unsupported claims to this lawsuit. Motions seeking to pursue claims that are not alleged in the pleadings will be denied on their face. These claims are not properly joined with the FOIA claims he raised here. Plaintiff tries to argue they are supplements to his Complaint under Rule 15(d).

Rule 15(d) is designed to allow a Plaintiff to supplement his pleading to add claims that arise after filing. The claims must not only arise after filing but also must be based on the same subject matter or claim for relief as set out in the original complaint. For instance, if Plaintiff had made another request to the BOP for documents under FOIA which was denied after he filed his Complaint, he might have been able to properly supplement his Complaint to add the new denial. Supplementing is not proper to add completely different or peripherally related claims. To add claims or parties following dismissal, Plaintiff must first move to reopen the case under 59(e) or 60(b), which he arguably has done, and then he must file a motion for leave to amend under Rule 15(b), with the proposed amended complaint attached. Here, the Court denies Plaintiff's request to reopen the case, so Plaintiff should not waste his time on a motion for leave to amend or on preparing an amended complaint.

Plaintiff also repeatedly asks for access to the internet, Lexis, Westlaw, and MS Word, as well as unlimited copying of documents, unlimited envelopes and unlimited postage. Plaintiff does not state a valid claim for denial of access to the courts. The right to access to courts neither requires "unlimited access to a law library" nor allows inmates "the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (citations omitted). His "ample filings [in this Court] belie any argument that he is being denied meaningful access to the courts." *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018). Moreover, Plaintiff has not shown that "the denial of legal resources hindered [his] efforts to pursue a nonfrivolous claim." *See id.*, quoting *Penrod*, 94 F.3d at 1403. Plaintiff's requests for relief are denied.

Having reviewed and considered all of Plaintiff's thirty-five (35) post-dismissal motions, the Court finds Plaintiff has raised no proper grounds for relief from the judgment. He has not

explained why the Court was wrong to find that the BOP's decision to aggregate his requests was justified, wrong to find that he did not follow the proper administrative procedures and exhaust his remedies on the fee waiver issue, or wrong to find the BOP's denial of a fee waiver was also justified. Plaintiff's requests for relief from judgment are therefore denied, as further discussed below.

While pro se litigants are entitled to a measure of leeway, the Court cannot devote all of its time to Plaintiff's cases, particularly on post-dismissal motions that have every appearance of being frivolous, nor does the Court expect the U.S. Attorney to do so. Therefore, Defendants are relieved of responding to Plaintiff's motions unless ordered to do so by the Court. Plaintiff is hereby informed that if he files additional motions in this case, they are subject to summary dismissal.

**Motion for Amending After Filing All Motions for Discovery in Such Complex Controversies (ECF No. 57)**

In this wide-ranging motion, Plaintiff appears to be asking for discovery under Rules 26 and 56(d) so he can prove his allegations of "secret operations", mass deportations, overcrowding, and criminal activity, presumably within the Bureau of Prisons. He alleges Defendants denied his fee waiver request to protect "higher officials", "domestic terrorist actors", and "greed capitalist actors." Plaintiff further claims "the entire INA [Immigration and Naturalization Act] should be declared unconstitutional because its promote terms and language of discrimination, even if Webster's was defined 'alien' as a foreigner, at this current time Plaintiff alleges that term refers as 'negro' inferiority or relevant to call an 'ant' because it only an ant should declare inferior than American citizen, they are so strange in a way that they lift anything, and the Defendants can not prove how a foreign of any country will be different physically with any American citizens." ECF

4

No. 57 at 4-5. Plaintiff concludes by asking the Court to reconsider because of his need to investigate his claims, and he also requests access to MS Word and the internet.

The Court denies Plaintiff's motion. The relevant issues to this lawsuit were whether the BOP properly aggregated his FOIA requests and properly denied his request for a fee waiver based on the information he provided at the time. The Court found in favor of Defendants and dismissed the lawsuit. Nothing Plaintiff alleges in this motion is relevant to that determination.

**Motion for Consideration and Oppositions Pursuant to Fed. R. Civ. P. 50, 52(b), 59, and 60 (ECF No. 58)**

In this motion, Plaintiff alleges the dismissal of this case was "not in good faith." He complains the Court dismissed his lawsuit without considering his FTCA claim, aggregation, or fee waiver, as well as the intent behind the aggregation: to withhold evidence of criminal activity and apartheid. He further complains he did not actually respond to Defendants' motion to dismiss, and he should not have to respond until Defendants provide him with the information he asked for in his FOIA requests. In addition, Plaintiff asks that all of his cases be consolidated and that this Court forward his motion to the Fifth Circuit Court of Appeals to reinstate one of his cases that was dismissed by the U.S. District Court for the District of Maryland.

Because this motion was filed within 28 days of the entry of judgment, the Court construes it as a motion to alter or amend a judgment under Rule 59(e). Defendants have filed a response (ECF No. 87). Rule 59(e) provides the Court may reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff does not claim there has been an intervening change in the controlling law or that there is new evidence available. Hence, Plaintiff must establish that the judgment was clearly erroneous or resulted in manifest injustice. He does not do so. His argument that the Court did not address his FTCA claim is erroneous; the Court found Plaintiff did not state a valid FTCA claim in two Orders (ECF No. 7 at 3-4 and ECF No. 15 at 1-2). Plaintiff has never explained how that finding was wrong. Plaintiff's argument that he did not actually respond to Defendant's motion to dismiss is also disingenuous. Moreover, if he had anything relevant to argue in response to the motion to dismiss, he should have included it here to demonstrate the Court's dismissal was clearly erroneous.

Plaintiff also argues that the Court did not consider his claim that Defendant's intent behind the aggregation decision was to withhold evidence of criminal activity and apartheid. The Court found Defendant had demonstrated its decision complied with the terms of 28 C.F.R. § 16.10(h), i.e., it was justified in aggregating Plaintiff's FOIA requests. Plaintiff has the burden to show Defendant's reliance on the terms of the regulation was pretextual. The agency's declarations are presumed to be submitted in good faith, and Plaintiff's mere speculation cannot rebut the presumption. *Banks v. Dep't of Justice*, 605 F. Supp. 2d 131, 140 (D.D.C. 2009), citing *see SafeCard Servs., Inc. v. Sec. & Exch. Comm'n,* 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted). "The factual assertions in the BOP's declarations are accepted as true absent a showing by plaintiff of his own declarations or documentary evidence to the contrary." *Banks*, 605 F. Supp. 2d at 140, citing *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992). Plaintiff has offered only his own self-serving, unsupported allegation to rebut the presumption of good faith, which is insufficient to create a genuine issue of material fact regarding the BOP's asserted reason for aggregating Plaintiff's requests. *See Schoenman v. F.B.I.*, 573 F. Supp. 2d 119,

147 (D.D.C. 2008) (discussing pretext in the context of law enforcement exception to disclosure under FOIA), citing *see Hastie v. Potter,* Civ. No. 00–5423, 2001 WL 793715, at *1 (D.D.C. June 28, 2001) (finding no genuine issue of material fact where the sole evidence plaintiff provided was "her own self-serving and conclusory statement"); *Saunders v. DiMario,* Civ. No. 97–1002, 1998 WL 525798, at *4 (D.D.C. Aug.14, 1998) ("Plaintiff has otherwise offered the type of self-serving allegations that are simply insufficient to establish pretext.").

Plaintiff seems to lose sight of the fact that at no time did the BOP *deny* his FOIA requests. The BOP merely found that his three identical requests made at the same time should be aggregated and that Mr. Clervrain was not entitled to a fee waiver. If Plaintiff had come up with $308.50, the BOP would have provided him with the documents he requested (and presumably still would). The Court notes that amount is less than the filing fee for this action.

Finally, Plaintiff's argument that he should not have to respond to the motion to dismiss until he receives the documents he asks for in his FOIA request is frankly ridiculous. How would documents relating to (1) contact information for each of 57 federal penal institutions; (2) the admission and orientation handbook for each institution; (3) the current financial statement for commissary purchases and funds distribution; (4) the current financial statement for the inmate telephone system and funds distribution; (5) copies of items sold in the commissary and the wholesale prices for each item; (6) documents identifying inmates incarcerated at each institution by race and each institution's classification level; and (7) information regarding each warden including their experience, salary, and bonuses demonstrate Defendant should not have aggregated his multiple FOIA requests or demonstrate Plaintiff was entitled to a fee waiver?

Nothing Plaintiff has argued in this motion or any of the thirty-four (34) other motions he has filed since dismissal causes the Court to believe it committed clear error by dismissing this action or that the dismissal results in manifest injustice.  Plaintiff's motion is denied.

If Plaintiff also intended ECF No. 58 as a motion to recuse, such motion is also denied. Plaintiff failed to file the affidavit required under 28 U.S.C. § 144 and failed to establish that a reasonable person would believe the Court has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

**Motion for Continuation of Circumstances and Retaliation by the Defendants Transferred (ECF No. 59)**

Plaintiff makes the following allegations: Defendants have repeatedly transferred him without justification over the last seven years; Defendants have exposed him to extortion in some unexplained way; and someone named Jose Santana has engaged in unspecified misconduct that somehow supports Plaintiff's claim that the BOP aggregated his FOIA requests to hide evidence. Plaintiff asks the Court to initiate an investigation against Defendants, to order Defendants to show cause why he has to be incarcerated in Texas or any prison in the South, and to order him housed in home confinement.

This motion is denied.  Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate.  To the extent this could be considered a motion for relief from judgment, it is denied.

**Motion to Compel and Similarity (FOIA) Circumstances as Evidence in Supporting the Case (ECF No. 60)**

As far as the Court can discern, Plaintiff is complaining about injury claims.  This motion raises no new issues and provides no information relevant to this lawsuit.  The motion is denied.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate.

**Motion for Constitutionality Claims and Defenses (ECF No. 61)**

In this motion, Plaintiff argues dismissal was premature and that there were genuine issues of material fact, which he fails to describe. He does, however, make an argument that different federal correctional facilities are "unrelated matters" under 28 C.F.R. 16.10(h) because each institution may operate differently and the responsive information for each will be different. He seems to say that if this argument is not successful, 28 C.F.R. 16.10(h) should be declared unconstitutional because it promotes discriminatory enforcement. He concludes by asking for discovery and for consolidation of all his cases across the country.

The Court is relieved that Plaintiff addresses a relevant issue in this motion. 28 C.F.R. § 16.10(h) provides, "Multiple requests involving unrelated matters shall not be aggregated." There is a dearth of case law on what constitutes "unrelated matters." Plaintiff's requests ask for the same information with the only difference being the first request was sent to the Mid-Atlantic Region of the BOP requesting the same information for 19 correctional institutions, the second to North Central Region encompassing 18 institutions, and the third to the Southeast Region encompassing 20 different institutions. The BOP concluded these requests involve related matters. The agency's determination is entitled to a presumption of good faith. *Espinoza v. Dep't of Justice*, 20 F. Supp. 3d 232, 239 (D.D.C. 2014). Plaintiff's argument that the requests are unrelated matters because each institution may operate differently and the information for each will be different is incongruous with his grouping of multiple institutions in each request. In addition, Plaintiff has provided nothing more than speculation to attempt to overcome the presumption of good faith. Upon reconsideration, the Court declines to change its judgment on the issue of aggregation.

Plaintiff's other arguments and requests in this motion are denied because the Court finds they have no merit.  This motion is denied.

**Motion for Permissible Intervention for the (FOIA) Controversial Allegations (ECF No. 62)**

Plaintiff moves pursuant to Rule 24(b) (Permissive Intervention) to consolidate his cases filed in Texas, California, Georgia, Pennsylvania, and Maryland.  Even if this Court could grant such a request, the United States Judicial Panel on Multidistrict Litigation has rejected Plaintiff's attempt to consolidate his cases.  *See* Civil Docket for Case No. KS/5:17-cv-03194, referencing MDL No. 2860 (Lead Case).  This motion is denied.

**Motion for Opposition the Defendants Omnibus Responses and Bad Faith Intent (ECF No. 63)**

Plaintiff alleges defense counsel "continuously acting the same as pattern to interfere with the court proceedings" and has acted with the "purpose of confusing him" by filing an omnibus response to eighteen (18) of Plaintiff's motions.  Plaintiff asks the Court to order Defendants to respond separately to each of his motions.  Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate.  Moreover, this motion utterly lacks merit.  The motion is denied.

**Motion to Compel the (BOP) for Legal Materials as an Indigent Inmate Against Apartheid (ECF No. 64)**

Plaintiff again alleges Defendants have denied him access to the courts.  Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate.  In addition, this motion is denied for the reasons stated above (at 3).

**Motion as Notice for the Defendants Avoiding the Allegation of "Criminal Enterprises" in Responses (ECF No. 65)**

Plaintiff again attempts to add claims and argues the aggregation of his FOIA requests and the denial of a fee waiver was pretextual. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Placement in Home Confinement and Exceptional Circumstances to Litigate the Controversies (ECF No. 69)**

Plaintiff asks the Court to order he be held in home confinement pursuant to 18 U.S.C. § 3582. This Court does not have jurisdiction over Plaintiff's sentencing. Plaintiff is again reminded this lawsuit involves FOIA requests and was dismissed on September 19, 2018. This motion is denied.

**Motion for the Defendant(s) Failure to Consider Circumstantial Evidence in the (FOIA) Allegations (ECF No. 70)**

Plaintiff alleges actions of the BOP are evidence of Defendants' "bad faith intent" in aggregating his FOIA requests and denying a fee waiver. This issue is addressed above. This motion is denied.

**Motion to Compel for Efficient Law Library (ECF No. 71)**

Plaintiff again complains about not having access to MS Word and the internet for researching and litigating his cases. For the reasons discussed above, this motion is denied.

**Motion for Exposure Under Degradment of Confinement Based Upon My Classification (ECF No. 72)**

Plaintiff asks the Court to order him transferred to "a facility appropriate" for him. Plaintiff may be attempting to raise a civil rights claim that he has a liberty interest in avoiding transfers between federal correctional facilities. To properly raise this claim, this case would need to be reopened, Plaintiff would need to request leave to amend his Complaint and file his proposed

Amended Complaint. However, the Court denies all of Plaintiff's requests for relief from judgment. This motion is denied.

## Motion to Compel the (DSCC) for Transfer to a Facility Where Resources Applicable to Litigate (ECF No. 73)

Plaintiff again complains about transfers and lack of access to a computer and internet legal research. He also attempts to add claims and alleges dismissal was premature and numerous other federal agencies, as well as Congress, should intervene in this action. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

## Motion for Leave to Appeal in forma pauperis (ECF No. 75)

"In order to succeed on [a motion for leave to proceed in forma pauperis on appeal], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 F. App'x 742, 743 (10th Cir. 2012) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Spearman*, 500 F. App'x at 743 (quotation omitted). *See also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (noting that an appeal is frivolous if it "lacks an arguable basis in either law or fact").

The Court does not doubt that Mr. Clervrain is unable to pay the filing fee. However, Mr. Clervrain has not shown the "existence of a reasoned, nonfrivolous argument on the law and facts

in support of issues raised on appeal." *See Debardeleben*, 937 F.2d at 505. Accordingly, the Court concludes that Mr. Clervrain's appeal is not taken in good faith and therefore denies his motion.

**Motion for Rights and Permissible Intervention (ECF No. 76)**

Plaintiff again argues his case should not be dismissed. He does not make any new arguments. His motion is denied.

**Motion for Opposing Premature Summary Judgment, in the Alternative Frivolous, or Not Being Patient (ECF No. 77)**

Plaintiff states he is moving pursuant to Rule 56. He claims the Court failed to consider "important factors" when it granted summary judgment to Defendant. He again asserts Defendant's purpose or intent in aggregating his requests and denying the fee waiver was to interfere with his activism and that the Court failed to consider all of his claims relating to the FTCA. The Court has addressed these arguments and denies relief on these bases.

Plaintiff does make a new argument that Defendant never responded to his fee waiver request and thus violated 5 U.S.C. § 555(e) requiring agencies to give prompt notice of the denial of requests. If it were correct that Defendant did not respond to Plaintiff's fee waiver request, Plaintiff would be relieved of the requirement that he exhaust his administrative remedies as to that request. However, Defendant did respond by letter dated April 4, 2017. *See* ECF No. 29-1 at 70. Moreover, the Court found the denial of a fee waiver was justified because Plaintiff did not demonstrate that he met several of the statutory requirements. *See* ECF No. 54 at 4-6. The Court rejects Plaintiff's argument and denies this motion.

**Motion for Judicial Appellate Panel and Controversies (ECF No. 78)**

Plaintiff moves pursuant to Federal Rules of Appellate Procedure 8, 15 and 21 for a "judicial appellate panel" of the Third, Tenth, Fifth, Second, Seventh, and Sixth Circuit Courts of

Appeals. No factual basis or legal authority is presented that would entitle Plaintiff to the requested action. This motion is denied.

**Motion for the Court to Perform Its Duties and Interest of Justice (ECF No. 79)**

Plaintiff argues the Court abused its discretion in dismissing all pending motions with no cause or explanation given when it dismissed Mr. Clervrain's case. He wants relief from the order.

Plaintiff had the following motions pending when this action was dismissed:

* Motion for Consideration the Court Order (ECF No. 19) (Plaintiff complains about the Court's dismissal of his FTCA claim, about having to pay the full filing fee, about having to provide "evidence" in support of his FOIA fee waiver request, about needing access to MS Word, about needing access to Lexis or Westlaw, and about a Mr. Henderson or "Pecos").

* Motion for Remarkable Conflict of Interest (ECF No. 25) (Plaintiff asks the Court to intervene in a federal lawsuit Plaintiff is pursuing in the Eastern District of Texas, and/or may be requesting a protective order, and/or may be requesting an injunction of some kind, and/or may be requesting leave to amend his Complaint).

* Motion to Suppress Evidence for the Allegations of Criminal Enterprise (ECF Doc. 32) (Plaintiff seems to be asking to amend his Complaint to add that he suffered from apartheid and a criminal enterprise to support his dismissed FTCA claim, to consolidate this case with a case he has pending in Texas, to request discovery including a list of documents, to order the BOP to release him from the SHU, and to order the BOP to give him access to a computer and printer).

* Motion to Consolidate Cases for Discovery and Trial under Rule 42 (ECF Doc. 33) (Plaintiff asks to amend his Complaint; alleges Defendants engaged in fraud; states he requires all management information from the entire management team for the Department of Justice, the Bureau of Prisons, the FBI, the Office of the Inspector General, the Postmaster General, the AUSA,

the Special Investigation Agency, the Office of Internal Affairs, the Office of Personnel Management, the main inspectors of all states, all management information for all private correctional institutions, Department of Homeland Security, Department of Treasury, Government Accounting Office, Internal Revenue Service, Department of Defense, INTERPOL, Department of Commerce, Social Security Administration, Department of Consular Affairs, Department of State; and again asks to consolidate this case with one of his Texas cases);

* Motion for Consideration and Opposing the Court Extension of Time (ECF Doc. 34) (Plaintiff complains of being housed in the SHU and requests the Court order him to be released and initiate a criminal investigation "for torturing immigrant by the (KKK) members"; complains of being forced to work; and states he "requires more evidence" to respond to the motion to dismiss);

* Motion for Request of Extension of Time (ECF Doc. 37) (Plaintiff claims he was placed in the SHU for a "nonjustifiable reason" and was therefore needed more time to respond to the motion to dismiss; an attached incident report shows Plaintiff refused an order to clean his legal papers off the top bunk in his cell so another inmate could be housed with him, saying he could not have a cellmate for "security reasons");

* Motion for Judicial Panel for Multidistrict Litigation (ECF Doc. 38) (Plaintiff attempted to have all of his various lawsuits consolidated; the Panel for Multidistrict Litigation rejected his request on October 3, 2018);

* Motion for Remarkable Contradictions (ECF Doc. 39) (Plaintiff again argues he is "entitled" to discovery before having to respond to the motion to dismiss and to amend his Complaint; he also wants counsel for Defendants to initiate a "criminal investigation against all private prisons, federal or state");

\*        Motion for Opposition and Stipulations (ECF Doc. 41) (Plaintiff argues the U.S. Attorney has a duty to inquire about his broad allegations of "criminal activities", there is "no evidence that the [plaintiff] is subject to summary judgment", the aggregation of Plaintiff's FOIA requests was "pretextual" to protect the private institutions, he needs access to MS Word, and he should be granted "additional time until moved to a new facility");

\*        Motion for Allowing Discovery and Opposition (ECF Doc. 42) (Plaintiff again denies all of Defendants' allegations and claims he has set forth facts that the defendant "continuously withheld evidence"; also argues it is clear the Court "has not dismissed any claims relating to his FTCA claims but asked the Defendants to response" and "FOIA is not the issues in this case"; further again argues his cases should be consolidated, and he should be entitled to conduct discovery);

\*        Motion for Notice and Circumstances (ECF Doc. 43) (Plaintiff seems to be notifying the Court of a probable transfer and asking for the proceedings to be delayed indefinitely);

\*        Motion for Emergency and Circumstances (ECF Doc. 44) (Plaintiff complains his property was boxed up and theorizes he is being transferred to deny him access to stamps or computers by keeping him "travelling for months without reach any location for a long period of time"; he further complains of a conspiracy, mail fraud, and "pretextual FOIA claims" and again argues this case should be consolidated with his "Beaumont case");

\*        Motion for Evidence and Lack of Integrity (ECF Doc. 45) (Plaintiff repeats previous allegations and complaints, emphasizing that Defendants have not responded to his Complaint);

\*        Motion for Allowing Other Brief After Being Transfer at the Sexual Predator Operation (ECF Doc. 50) (This seems to be a list of motions Plaintiff intends to file in the future); and

\*  Motion for Efficient Law Library and the Internet for Potential Claims of Apartheid (ECF Doc. 53) (Plaintiff again claims to need additional access to the law library so he can prepare and file another 10 motions).

  None of these pending motions raised issues or arguments relevant to the issue of proper aggregation of his FOIA requests, exhaustion of his administrative remedies as to his fee waiver request, or whether the denial of his request for a fee waiver was otherwise proper. Therefore, they were properly dismissed as moot when the Court found against Plaintiff on the relevant issues. This motion is denied.

**Motion for Public Disclosure and Trade Secret Claims (ECF No. 81)**

  This motion, while nineteen (19) pages long, does not raise any new arguments relevant to the question of whether Plaintiff's FOIA complaint should have been dismissed. Plaintiff again attempts to add numerous claims. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. For the previously stated reasons, the motion is denied.

**Motion for Evidence and Fear of Death Claim (ECF No. 82)**

  This motion does not raise any new arguments relevant to the question of whether Plaintiff's FOIA complaint should have been dismissed. Plaintiff again attempts to add numerous claims. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Evidence and Manipulate Rates in the Market (ECF No. 83)**

  This motion does not raise any new arguments relevant to the question of whether Plaintiff's FOIA complaint should have been dismissed. Plaintiff again attempts to add numerous

claims, this time arguing he is supplementing his Complaint under Rule 15. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Undeveloped Facts and Independent Counsel (ECF No. 84)**

This motion does not raise any new arguments relevant to the question of whether Plaintiff's FOIA complaint should have been dismissed. Plaintiff argues all of his assorted claims and cases should be consolidated under the Rules of Criminal Procedure. This motion is frivolous and repetitive. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Deny Access to the Courts by Illegal Contract or Negligence for Evidence and Interest of Justice (ECF No. 85)**

Plaintiff's claim of denial of access to the courts is addressed above. This motion is denied for the previously stated reasons.

**Motion for Interest of Justice and Fear Liability Claim (ECF No. 86)**

This motion does not raise any new arguments relevant to the question of whether Plaintiff's FOIA complaint should have been dismissed. This motion is frivolous and repetitive. Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Jury Demands and Interest of Justice (ECF No. 88)**

This motion does not raise any new arguments relevant to the question of whether Plaintiff's FOIA complaint should have been dismissed. Unless and until the case has been

reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Evidence and Causation for Withheld Evidence (ECF No. 91)**

In this motion, Plaintiff repeats arguments he has previously made. He also adds to the information he wants Defendants (including new defendants ICE, the IRS, and the Social Security Administration) to provide. For example, Plaintiff wants "[a]ll Embasador of each country that are in the United States, and their management operation, as well as their United Nations representative." He further states that "the defendants should know that the request is for the last (15) years" and "he may require additional information." ECF No. 91 at 7.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Exceptional Circumstances and Demand for Motions Copies Filed (ECF No. 92)**

Plaintiff again asks for relief from the judgment and leave to amend his Complaint to add various claims, including an arbitration claim, a denial of access to the courts claim, "illegal" transfer claim, a claim that non-citizens are treated worse than citizens in the federal prison system, a claim that the BOP's contracts with private prisons are illegal, and a claim relating to mail.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for International Concerns (ECF No. 93)**

This motion repeats previous arguments and complaints. Plaintiff also complains about being given juice with aspartame and argues there should be a "national menu system under the Federal control." ECF No. 93 at 3, 7. He requests a preliminary injunction.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Equitable Tolling and Ulterior Motive Claims (ECF No. 94)**

Plaintiff argues he did not receive the letter denying a fee waiver and therefore his failure to exhaust his administrative remedies on that issue should be excused. Assuming for the sake of argument that Plaintiff did not receive the denial and cannot now exhaust his administrative remedies, the Court found, and continues to find, that Plaintiff's request for a fee waiver did not meet the requirements under 5 U.S.C. § 552(a)(4)(A)(iii). *See* Memorandum and Order of Dismissal, ECF No. 54 at 4-6. He has not shown that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government," nor has he demonstrated his "ability and intention" to disseminate the requested information to the public, which "alone [provides] a sufficient basis for denying the fee waiver request." *Larson v. Central Intelligence Agency,* 843 F.2d 1481, 1483 (D.C. Cir. 1988).

To the extent this could be considered a motion for relief from judgment, it is denied.

**Motion for Public Interest Concerns and Interest of Justice (ECF No. 95)**

This motion does not raise any new arguments relevant to the question of whether Plaintiff's FOIA complaint should have been dismissed. This motion is frivolous and repetitive. Unless and until the case has been reopened, no motion other than a motion for relief from

20

judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**Motion for Opposing the Defendant(s) Restrictions (ECF No. 97)**

Plaintiff argues against Defendant's request for filing restrictions, asserting his prolific, repetitive, rambling filings have not been harassing or abusive of the legal process. He also again argues he should be able to amend his Complaint, and his Complaint should not have been dismissed before he was permitted to conduct discovery ("Nothing under the rule mandate that the plaintiff must amend until the Evidence is available for him to amend the complaint," ECF No. 97 at 3). Finally, Plaintiff appears to repeat his complaint that the Court is biased against him.

To the extent this is a motion at all, it is denied. The Court is not imposing filing restrictions on Plaintiff at this time but is putting Plaintiff on notice that any future motions filed in this case may be summarily denied and is relieving Defendant of responding to any future motions absent court order.

**Motion for Additional Evidence and for Jurisdictional Defects (ECF No. 98)**

In this motion, Plaintiff asks the Court for the following relief: (1) order Defendants to respond independently to all motions filed; (2) initiate an investigation into all of Plaintiff's claims; (3) consider all claims by allowing Plaintiff to amend or supplement on the basis of all of his motions; (4) order Defendants to provide all resources necessary as requested by Plaintiff; (5) update the Court's docket information by adding the Social Security Administration, the IRS, the OIP, the FBI, the AUSA, the OIG, the OIA, and the Postmaster General as defendants; (6) send Plaintiff a monthly printout of the docket; (7) inform "all the courts" that "amending is premature"; (8) "apply all relief on the motion for the Southeast Injustice Relief Act"; and (9) electronically file this motion with the Tenth Circuit. ECF No. 98 at 10-11.

Unless and until the case has been reopened, no motion other than a motion for relief from judgment is appropriate. To the extent this could be considered a motion for relief from judgment, it is denied for the previously stated reasons.

**IT IS THEREFORE ORDERED** Plaintiff's Motion for Amending After Filing All Motions for Discovery in Such Complex Controversies (ECF No. 57) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Consideration and Oppositions Pursuant to Fed. R. Civ. P. 50, 52(b), 59, and 60 (ECF No. 58) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Continuation of Circumstances and Retaliation by the Defendants Transferred (ECF No. 59) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and Similarity (FOIA) Circumstances as Evidence in Supporting the Case (ECF No. 60) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Constitutionality Claims and Defenses (ECF No. 61) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permissible Intervention for the (FOIA) Controversial Allegations (ECF No. 62) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Opposition the Defendants Omnibus Responses and Bad Faith Intent (ECF No. 63) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel the (BOP) for Legal Materials as an Indigent Inmate Against Apartheid (ECF No. 64) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion as Notice for the Defendants Avoiding the Allegation of "Criminal Enterprises" in Responses (ECF No. 65) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Placement in Home Confinement and Exceptional Circumstances to Litigate the Controversies (ECF No. 69) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Defendant(s) Failure to Consider Circumstantial Evidence in the (FOIA) Allegations (ECF No. 70) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel for Efficient Law Library (ECF No. 71) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Exposure Under Degradment of Confinement Based Upon My Classification (ECF No. 72) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel the (DSCC) for Transfer to a Facility Where Resources Applicable to Litigate (ECF No. 73) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Appeal in forma pauperis (ECF No. 75) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Rights and Permissible Intervention (ECF No. 76) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Opposing Premature Summary Judgment, in the Alternative Frivolous, or Not Being Patient (ECF No. 77) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judicial Appellate Panel and Controversies (ECF No. 78) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Court to Perform Its Duties and Interest of Justice (ECF No. 79) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Public Disclosure and Trade Secret Claims (ECF No. 81) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Evidence and Fear of Death Claim (ECF No. 82) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Evidence and Manipulate Rates in the Market (ECF No. 83) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Undeveloped Facts and Independent Counsel (ECF No. 84) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Deny Access to the Courts by Illegal Contract or Negligence for Evidence and Interest of Justice (ECF No. 85) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Interest of Justice and Fear Liability Claim (ECF No. 86) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Jury Demands and Interest of Justice (ECF No. 88) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Evidence and Causation for Withheld Evidence (ECF No. 91) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Exceptional Circumstances and Demand for Motions Copies Filed (ECF No. 92) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for International Concerns (ECF No. 93) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Equitable Tolling and Ulterior Motive Claims (ECF No. 94) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Public Interest Concerns and Interest of Justice (ECF No. 95) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Opposing the Defendant(s) Restrictions (ECF No. 97) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additional Evidence and for Jurisdictional Defects (ECF No. 98) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to File Response (ECF No. 74) is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Filing Restrictions (ECF No. 89) is **denied**. However, Defendants are relieved of responding to any future motions filed by Plaintiff unless ordered to do so by the Court, and any additional motions filed by Plaintiff are subject to summary dismissal.

**IT IS SO ORDERED.**

DATED: This 8th day of January, 2019, at Topeka, Kansas.


**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**